BRIAN M. BARNARD        USB # 00215
STEWART GOLLAN          USB # 12524
UTAH LEGAL CLINIC, INC.
Cooperating Attorneys for
UTAH CIVIL RIGHTS AND LIBERTIES
        FOUNDATION, INC.
214 East Fifth South Street
Salt Lake City, Utah 84111-3204
Telephone:  (801) 328-9531
Facsimile:   (801) 328-9533
Email: ulcr2d2c3po@utahlegalclinic.com


**ATTORNEYS FOR PLAINTIFFS**

DARCY M. GODDARD        USB #13426
AMERICAN CIVIL LIBERTIES UNION OF
        UTAH FOUNDATION, INC.
355 North 300 West Street
Salt Lake City, Utah 84103-1215
Telephone: (801) 521-9862
Facsimile:  (801) 532-2850
E-mail: aclu@acluutah.org


**ATTORNEYS FOR PLAINTIFFS**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **iMATTER UTAH**, an unincorporated association, **RYAN PLEUNE, LAUREN WOOD** and **LINDA PARSONS**,<br><br>        Plaintiffs,<br><br>v.<br><br>**JOHN NJORD**, UDOT Executive Director; **MARK VELASQUEZ,** UDOT Right-of-Way Control Coordinator; **SCOTT HAYES,** UDOT Permit Officer, **NAZEE TREWEEK**, UDOT District Permits Officer, and **JOHN DOES I-V**,<br><br>        Defendants. | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)**<br><br><br>**Case No. _____**<br><br>**Judge _____** |

PLAINTIFFS, **iMatter Utah**, an unincorporated association, **Ryan Pleune, Lauren Wood** and **Linda Parsons**, by and through counsel, Darcy Goddard of the American Civil Liberties Union of Utah Foundation, Inc. and Brian M. Barnard and Stewart Gollan of Utah Legal Clinic, as Cooperating Attorneys for the Utah Civil Rights and Liberties Foundation, Inc., as a Complaint and as causes of action against the Defendants state and allege as follows:

## PRELIMINARY STATEMENT

1.      This 42 U.S.C. § 1983 action seeks declaratory, equitable and injunctive relief for improper interference with the constitutional rights of Plaintiffs.  Plaintiffs seek monetary damages (at least nominal) from the individual defendants.  Plaintiffs seek attorney fees and costs under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## JURISDICTION & VENUE

2.      Jurisdiction is proper in this Court under 42 U.S.C. § 1983 and § 1988, as well as 28 U.S.C. §§ 1331 and 1343, and arises in order to enforce provisions of the United States Constitution.

3.       Declaratory relief is authorized by 28 U.S.C. § 2201 and § 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4.       Injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure.

5.      This Court has supplemental jurisdiction to hear Plaintiffs' state constitutional claims arising from the same factual situation pursuant to 28 U.S.C. § 1367.

6.      Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b) because the claims alleged herein arose in the Central District of Utah, the Defendants conduct business in the Central District of Utah, and Defendants are subject to personal jurisdiction within this district.

## PARTIES

7.      **IMATTER  UTAH ("iMatter Utah")** is an unincorporated, voluntary association headquartered in Salt Lake City, Utah.  Founded in February 2011, iMatter Utah is comprised of volunteers working together to organize, *inter alia*, a free expression activity, an iMatter march/parade or "Marade," in Salt Lake City, scheduled to occur on Saturday May 7, 2011 ("May 7 Marade").

8.      Since its inception, iMatter Utah has held approximately weekly meetings to discuss issues of climate change, to develop strategies to engage the community on issues related to climate change, and to work together in organizing the May 7 Marade.

9.      As a non-profit entity, iMatter Utah has no stockholders or owners; it has supporters and members.  It has no assets, has received no financial contributions and does not engage in fund-raising.   iMatter brings this lawsuit on its own behalf and on behalf of its members and supporters.

10.     **RYAN PLEUNE** is an adult citizen and resident of Salt Lake County and the State of Utah.  He is a founding member of iMatter Utah.  He has acted in a coordinator role for iMatter Utah and as an event organizer for the planned May 7 Marade.  He supports the purposes,

3

ideals and goals of iMatter Utah and the May 7 Marade.  He has participated in various iMatter Utah meetings, has participated in the collective effort to organize the May 7 Marade and plans to continue to participate in and organize future iMatter Utah events.  He brings this action both on his own behalf and on behalf of iMatter Utah in his capacity as an iMatter Utah member and event coordinator.

11.    **LAUREN WOOD** is an adult citizen and resident of Salt Lake County and the State of Utah.  She is a member of iMatter.  She has acted in a coordinator role for iMatter Utah and as an event organizer for the planned May 7 Marade.  She supports the purposes, ideals and goals of iMatter Utah and the May 7 Marade.  She has participated in various iMatter Utah meetings, has participated in the collective effort to organize the May 7 Marade and plans to continue to participate in and organize future iMatter Utah events.  She brings this action both on her own behalf and on behalf of iMatter Utah in her capacity as an iMatter Utah member and event coordinator.

12.    **LINDA PARSONS** is an adult citizen and resident of Salt Lake County and the State of Utah.  She is a member of iMatter.  She participated in planning and organizing  iMatter Utah's May 7 Marade.  She supports the purposes, ideals and goals of iMatter Utah and the May 7 Marade.  She has participated in various iMatter Utah meetings, has participated in the collective effort to organize the May 7 Marade and plans to continue to participate in and organize future iMatter Utah events.  She brings this action both on her own behalf and on behalf of iMatter Utah in her capacity as an iMatter Utah member.

4

13.     The **UTAH DEPARTMENT OF TRANSPORTATION** ("UDOT") is a
governmental entity created by the statutes of the State of Utah.  It is the employer and principal
of the individual defendants named in this action.

14.     **JOHN NJORD** is an adult citizen and resident of the State of Utah.  He is the
Executive Director and chief executive and administrative officer of UDOT.  He is responsible
for the implementation of rules, priorities, and policies established by UDOT and the Utah
Transportation Commission.  He has supervisory control and authority over defendants
**VELASQUEZ,  HAYES, TREWEEK,** and **JOHN DOES I-V**.

15.     **MARK VELASQUEZ** is an adult citizen and resident of the State of Utah.  He is
an agent and employee of the Utah Department of Transportation.  He is a Right-of-Way Control
Coordinator.  He is the supervisor of **HAYES** and **TREWEEK**.  He is charged with the duty and
responsibility of issuing permits for special events (including free speech demonstrations) that
occur in and on the right-of-way of state highways and roads owned and operated by the State of
Utah in Salt Lake County.

16.     **SCOTT HAYES**  is an adult citizen and resident of the State of Utah.   He is an
agent and employee of the Utah Department of Transportation.   He is a Permits Officer.  He is
charged with the duty and responsibility of issuing permits for special events (including free
speech demonstrations) that occur in and on the right-of-way of state highways and roads owned
and operated by the State of Utah in Salt Lake County.  He is the supervisor of **TREWEEK.**

17.     **NAZEE TREWEEK** is an adult citizen and resident of the State of Utah.   She is
an agent and employee of the Utah Department of Transportation.   She is a Permits Officer.  She

is charged with the duty and responsibility of issuing permits for special events (including free speech demonstrations) that occur in and on the right-of-way of state highways and roads owned and operated by the State of Utah in Salt Lake County.

18.     **JOHN DOES I - V** are adult citizens and residents of the State of Utah.  They are agents and employees of the Utah Department of Transportation.  They are charged with the duty and responsibility of issuing permits for special events (including free speech demonstrations) that occur in and on the right-of-way of state highways and roads owned and operated by the State of Utah in Salt Lake County.

19.     The true, full and correct names of the defendants **JOHN DOES I - V** are currently unknown to Plaintiffs.  When Plaintiffs discover the full, true, and correct names of those defendants, Plaintiffs will seek leave of the Court and amend this Complaint.

20.     The individual defendants are sued both personally as well as in their official capacity for declaratory, equitable and injunctive relief.  The individual defendants are sued personally for monetary damages (at least nominal).

21.     At all times pertinent to this action, Defendants were acting under color of state law, with powers vested in them by the State of Utah and within the scope of their authority granted by Utah State law, policies and practices.

## OPERATIVE FACTS

22.     Plaintiffs  plan to conduct the May 7 Marade and/or other free expression activities in Salt Lake County, Utah.  The activities will include marching, carrying signs, chanting and displaying small human-powered floats.

23.     The goal of the May 7 Marade is to engage the community on issues of climate change, to demonstrate a collective commitment to living as though our common future matters and to ask the State's political leaders to address the pressing issue of climate change.

24.     Plaintiffs RYAN PLEUNE, LAUREN WOOD and LINDA PARSONS plan to join with other members and supporters of iMatter Utah on May 7 to participate in the above described activities.

25.     Plaintiffs applied for a free expression permit from Salt Lake City to conduct the May 7 Marade and were informed that a permit from UDOT would also be required because the planned route includes marching in the road on a four (4) block portion of State Street in Salt Lake City that is a Utah State highway (Highway 89) and which is under the jurisdiction of Defendants and UDOT.

26.     Plaintiffs received a permit approving the May 7 Marade from Salt Lake City Corporation which includes approval of a traffic management plan.  However, the permit issued by Salt Lake City is conditioned upon approval of Plaintiffs' permit application by UDOT and Defendants.

27.     Plaintiffs have made application to UDOT and Defendants for a permit for the May 7 Marade.  That permit application was designated as UDOT application number 42048.

7

Absent a permit issued by the UDOT, iMatter Utah may not legally conduct parades, marches, public demonstrations, or protests on those portions of State Street that are included in the planned May 7 Marade route.

**Liability Insurance Requirements**

28.     After the UDOT permit application was submitted, RYAN PLEUNE spoke with Defendant TREWEEK by telephone to check the status of the application.  Defendant TREWEEK informed PLEUNE that iMatter Utah would be required to obtain a liability insurance policy with minimum coverage limits of one million dollars ($1,000,000.00) per occurrence and two million dollars ($2,000,000.00) aggregate before a permit would be issued.

29.     After being informed that they would be required to obtain liability insurance in order to obtain a permit from UDOT, Plaintiffs obtained quotes from insurance companies and learned that the premium for such a policy would be approximately two thousand five-hundred dollars ($2,500.00).

30.     iMatter Utah is a voluntary association with no assets.  It does not engage in fund-raising and cannot afford the cost of the required insurance policy.  The insurance requirement effectively bars iMatter Utah from obtaining the required UDOT permit for their planned free expression event.

31.     After learning that the cost of the required insurance policy was prohibitive, RYAN PLEUNE contacted Defendant TREWEEK by email on April 27, 2011 and requested that the insurance requirement be waived because the planned event is a "political and free speech

First Amendment protected event being staged by a unincorporated association of non-profit groups and individuals that lack the funds to pay for an insurance policy."  A copy of that email is attached hereto, marked as Exhibit "A" and incorporated by reference.

32.     The rules, policies and regulations of UDOT do not allow Defendants to waive the insurance requirements for a free speech or peaceful assembly event to be conducted by an indigent group or person.

33.     In response to his email requesting that the insurance requirement be waived, PLEUNE received an email on April 28, 2011 from Defendant VELASQUEZ, wherein VELASQUEZ denied PLEUNE's request for a waiver stating that "UDOT does not treat a political and free speech event any different from other events" and "your request to waive these requirements is denied."  A copy of the email from VELASQUEZ to PLEUNE is attached hereto, marked as Exhibit "A" and incorporated by reference.

**Liability Waiver Requirements**

34.     In addition to the liability insurance requirements described above, UDOT requires all individual participants in a permitted special event to sign a waiver.  *See* "UDOT Special Road Use Guidelines for All Events," attached hereto, marked as Exhibit "B" and incorporated by reference.

35.     By signing the required "Waiver and Release of Damages," participants agree to "release, remise, waive and forever discharge the State of Utah, the Utah Department of Transportation, the Utah Transportation Commission, the Utah Highway Patrol, and their

officers, agents, and employees from all liability, claims, demands, actions or causes of action" that may arise from participation in the special event. A copy of the required UDOT waiver is attached hereto, marked as Exhibit "C" and incorporated by reference.

36. UDOT's application for a special event permit also requires that the event organizer applicant certify at the time the application is submitted "that all participants of this event have signed a waiver, that they are aware of all the rules they must abide by and which are made a part of this permit." A copy of UDOT's Special Event Permit application is attached hereto, marked as Exhibit "D" and incorporated by reference.

37. This permit application must be submitted to UDOT at least 15 days prior to the scheduled event. *See* "UDOT Special Road Use Guidelines for All Events," Exhibit "C" attached.

38. The practical effect of these requirements is that an event organizer must know every person who is going to participate in the event at least 15 days prior to the actual event, and must know that each of those people have signed a waiver and are familiar with all of UDOT's rules.

**Plaintiffs' Rights**

39. Plaintiffs desire to exercise their constitutional rights to free expression and to peacefully assemble as set forth above.

40.     Plaintiffs desire to exercise their constitutional rights to free expression and to

peacefully assemble in a meaningful way, at meaningful times and places and to a meaningful

audience.

41.     Plaintiffs are entitled to exercise the above-described constitutional rights at a

place and during a time when meaningful communication with members of the public can occur.

42.     Plaintiffs are entitled to exercise the above-described constitutional rights in a

meaningful way, at meaningful times and places, and to a meaningful audience.

## FIRST CAUSE OF ACTION

**Defendants' Insurance Requirement Violates Plaintiffs' Right to Free Expression
Guaranteed by the United States Constitution**

43.     Plaintiffs incorporate by reference all preceding allegations of this Complaint.

44.     Defendants cannot condition the issuance of a permit for the exercise of free

speech on an applicant's ability to secure and pay for a liability insurance policy.

45.     The conduct of Defendants as set forth above constitutes an infringement of

Plaintiffs' expressive rights as protected by the First Amendment to the United States

Constitution.

46.     An actual controversy exists between the parties regarding the unconstitutionality

of Defendants' permit requirements.  Plaintiffs are entitled to a declaratory judgment that

UDOT's and Defendants' rules and regulations violate the United States Constitution in that they

fail to provide an exception from the insurance requirement for free speech and assembly events

11

by indigent persons or entities, such as Plaintiff iMatter Utah, who seek to engage in free speech and assembly activities.

47.     Plaintiffs are entitled to equitable relief in the nature of a temporary restraining order, preliminary injunction, and permanent injunction against the Defendants prohibiting them from restricting Plaintiffs' expressive rights under the United States Constitution.

48.     Plaintiffs are entitled to equitable relief in the nature of a temporary restraining order, preliminary injunction, and permanent injunction against Defendants prohibiting them from requiring an insurance policy before allowing Plaintiffs to engage in a First Amendment protected expressive activity.

49.     The conduct of Defendants described above violates Plaintiffs' constitutionally protected rights and Plaintiffs are entitled to monetary damages (at least nominal) in an amount to be proven at trial.  Plaintiffs claim no monetary damages as against the State of Utah but only against the individual defendants.

## SECOND CAUSE OF ACTION

### Defendants' Insurance Requirement Violates Plaintiffs' Right to Free Expression Guaranteed by the Utah Constitution

50.     Plaintiffs incorporate by reference paragraphs one (¶1) through forty (¶40) of this Complaint.

51.     Defendants cannot condition the issuance of a permit for the exercise of free speech on an applicant's ability to secure and pay for a liability insurance policy.

12

52.     The conduct of the Defendants as set forth above constitutes an infringement of Plaintiffs' expressive rights as recognized in the Utah Constitution, Art. 1, § 15.

53.     An actual controversy exists between the parties regarding the unconstitutionality of Defendants' permit requirements.  Plaintiffs are entitled to declaratory relief that UDOT's and Defendants' rules and regulations violate the Utah Constitution in that they fail to provide an exception from the insurance requirement for free speech and assembly events by indigent persons or entities, such as Plaintiff iMatter Utah, who seek to engage in free speech and assembly activities.

54.     Plaintiffs are entitled to equitable relief in the nature of a temporary restraining order, preliminary injunction, and permanent injunction against Defendants prohibiting them from restricting Plaintiffs' expressive rights under the Utah Constitutions.

55.     Plaintiffs are entitled to equitable relief in the nature of a temporary restraining order, preliminary injunction, and permanent injunction against Defendants prohibiting them from requiring an insurance policy before allowing Plaintiffs to engage in constitutionally protected expressive activity.

**THIRD CAUSE OF ACTION**

**Defendants' Insurance Requirement Violates Plaintiffs' Right to Assemble Guaranteed by the United States Constitution**

56.     Plaintiffs incorporate by reference paragraphs one (¶1) through forty (¶40) of this Complaint.

13

57.     Defendants cannot condition the issuance of a permit for the exercise of the right to assemble on an applicant's ability to secure and pay for a liability insurance policy.

58.     The conduct of Defendants as set forth above constitutes an infringement of Plaintiffs' right to peacefully assemble as protected by the First Amendment to the United States Constitution.

59.     An actual controversy exists between the parties regarding the unconstitutionality of Defendants' permit requirements.  Plaintiffs are entitled to a declaratory judgment that UDOT's and Defendants' rules and regulations violate the United States Constitution in that they fail to provide an exception from the insurance requirement for free speech and assembly events by indigent persons or entities, such as Plaintiff iMatter Utah, who seek to engage in free speech and assembly activities.

60.     Plaintiffs are entitled to equitable relief in the nature of a temporary restraining order, preliminary injunction, and permanent injunction against Defendants prohibiting them from restricting Plaintiffs' right to peacefully assemble guaranteed by the United States Constitution.

61.     Plaintiffs are entitled to equitable relief in the nature of a temporary restraining order, preliminary injunction, and permanent injunction against Defendants prohibiting them from requiring an insurance policy before allowing Plaintiffs to engage in a First Amendment protected assembly.

62.     The conduct of Defendants described above violates Plaintiffs' constitutionally protected rights and Plaintiffs are entitled to monetary damages (at least nominal) in an amount

14

to be proven at trial.  Plaintiffs claim no monetary damages as against the State of Utah but only against the individual defendants.

## FOURTH CAUSE OF ACTION

**Defendants' Insurance Requirement Violates Plaintiffs' Right to Assemble Protected by the Utah Constitution**

63.     Plaintiffs incorporate by reference paragraphs one (¶1) through forty (¶40) of this Complaint.

64.     Defendants cannot condition the issuance of a permit for the exercise of the right to assemble on an applicant's ability secure and pay for a liability insurance policy.

65.     The conduct of Defendants as set forth above constitutes an infringement of Plaintiffs' right to peacefully assemble as protected by the Utah Constitution, Art. 1, § 1.

66.     An actual controversy exists between the parties regarding the unconstitutionality of Defendants' permit requirements.  Plaintiffs are entitled to a declaratory judgment that UDOT's and Defendants' rules and regulations violate the Utah Constitution in that they fail to provide an exception from the insurance requirement for free speech and assembly events by indigent persons or entities, such as Plaintiff iMatter Utah, who seek to engage in free speech and assembly activities.

67.     Plaintiffs are entitled to equitable relief in the nature of a temporary restraining order, preliminary injunction, and permanent injunction against the defendants prohibiting them from restricting Plaintiffs' right to peacefully assemble guaranteed by the Utah Constitution.

68.    Plaintiffs are entitled to equitable relief in the nature of a temporary restraining order, preliminary injunction, and permanent injunction against Defendants prohibiting them from requiring an insurance policy before allowing Plaintiffs to engage in assembly protected by the Utah Constitution.

### FIFTH CAUSE OF ACTION

**Defendants' Certification Requirement Unconstitutionally Infringes on Plaintiffs' Rights Protected by the First Amendment to the United States Constitution.**

69.    Plaintiffs incorporate by reference paragraphs one (¶1) through forty (¶40) of this Complaint.

70.    Requiring that an event organizer certify fifteen (15) days in advance that every person who is going to participate in a free speech event has signed a waiver requires permit applicants to give advance notice of and certify to events that are unforeseeable.  This unconstitutionally restricts spontaneous free expression and assembly rights safeguarded in the First Amendment to the United States Constitution.

71.    The conduct of the Defendants as set forth above constitutes an infringement of Plaintiffs' right to free expression protected by the First Amendment to the United States Constitution.

72.    An actual controversy exists between the parties regarding the unconstitutionality of Defendants' permit requirements.  Plaintiffs are entitled to a declaratory judgment that UDOT's and Defendants' waiver and certification requirements violate the United States Constitution in that they unconstitutionally restrict the spontaneous free expression and assembly

16

rights of those wishing to organize and participate in free speech and assembly events such as Plaintiff iMatter Utah and its members and supporters.

73.     Plaintiffs are entitled to equitable relief in the nature of a temporary restraining order, preliminary injunction, and permanent injunction against Defendants prohibiting them from restricting Plaintiffs' rights to free expression and assembly protected by the First Amendment to the United States Constitution.

74.     Plaintiffs are entitled to equitable relief in the nature of a temporary restraining order, preliminary injunction and, permanent injunction against Defendants prohibiting them from imposing the above-described waiver and certification requirements as a pre-condition for the issuance of a permit for free expression activities.

75.     The conduct of Defendants described above violates Plaintiffs' constitutionally protected rights and Plaintiffs are entitled to monetary damages (at least nominal) in an amount to be proven at trial.  Plaintiffs claim no monetary damages as against the State of Utah but only against the individual defendants.

## SIXTH CAUSE OF ACTION

**Defendants' Waiver Requirement Unconstitutionally Burdens Plaintiffs' Rights Protected by the First Amendment to the United States Constitution.**

76.     Plaintiffs incorporate by reference paragraphs one (¶1) through forty (¶40) of this Complaint.

77.     UDOT and Defendants require all participants in a permitted free expression special event to "release, remise, waive and forever discharge the State of Utah, the Utah

Department of Transportation, the Utah Transportation Commission, the Utah Highway Patrol, and their officers, agents, and employees from all liability, claims, demands, actions or causes of action" that may arise from participation in the special event.

78.     In order for Plaintiffs to exercise their First Amendment rights, UDOT and Defendants require them to waive all their rights to sue the State or its officers for anything and everything that may arise out of the special event.

79.     As a result of the liability waiver requirement, Plaintiffs and others are required to forfeit other rights, and the opportunity to even seek legal redress for unconstitutional or illegal acts on the part of State officials or agents in order for Plaintiffs and others to exercise their First Amendment rights.  This has a chilling effect on Plaintiffs' and others' right to freedom of speech, is not narrowly tailored to achieve the State's interest in protecting itself from liability for injuries associated with the use of its property and is unconstitutional.

80.     The conduct of Defendants as set forth above constitutes an infringement of Plaintiffs' and others' right to free expression protected by the First Amendment to the United States Constitution.

81.     An actual controversy exists between the parties regarding the unconstitutionality of Defendants' waiver and release requirements.  Plaintiffs are entitled to a declaratory judgment that UDOT's and Defendants' waiver and certification requirements violate the United States Constitution in that they unconstitutionally restrict Plaintiffs' and others' free expression and assembly rights.

18

82.     Plaintiffs are entitled to equitable relief in the nature of a temporary restraining order, preliminary injunction, and permanent injunction against Defendants prohibiting them from restricting Plaintiffs' and others' rights to free expression and  assembly protected by the First Amendment to the United States Constitution.

83.     Plaintiffs are entitled to equitable relief in the nature of a temporary restraining order, preliminary injunction, and permanent injunction against Defendants prohibiting them from imposing the waiver requirement as a pre-condition for allowing participation in Plaintiffs' free expression event.

84.     The conduct of Defendants described above violated Plaintiffs' and others' constitutionally protected rights and Plaintiffs are entitled to monetary damages (at least nominal) in an amount to be proven at trial.  Plaintiffs claim no monetary damages as against the State of Utah but only against the individual defendants.

## IMMEDIATE EQUITABLE RELIEF

85.     Defendants' current, threatened, imminent, continuing and pending violations of Plaintiffs' rights as described above are real and substantial.

86.     Plaintiffs anticipate that there will be a significant number (50-100) of participants, protestors and demonstrators from their organization and from other organizations in Salt Lake City, for the May 7 Marade.

87.     Planning for and staging demonstrations and protests requires substantial coordination and organization.  Plaintiffs need to know their rights immediately in order to plan and facilitate the May 7 Marade.

88.     Harm has been and will be suffered by Plaintiffs because they have not been allowed to plan, organize, coordinate, etc. the May 7 Marade.

89.     Plaintiffs are fearful that if they attend and participate in the May 7 Marade to exercise their constitutionally protected rights to free expression and peaceful assembly that they and others may be arrested and/or criminally charged.  That fear is real and has a chilling effect on their rights and those of other members and supporters of iMatter Utah.

90.     Harm will be suffered by Plaintiffs and others by not being allowed to engage in the expressive and political activity described above, peacefully assembling, parading, carrying signs, engaging in conversation and discussions, demonstrating, etc. on State Street.

91.     The harm being suffered and that will be suffered by Plaintiffs and others is immediate and irreparable in nature.  That harm justifies and warrants the issuance of a temporary restraining order or a preliminary injunction against Defendants and allowing Plaintiffs to engage in the expressive and political activity involved in the May 7 Marade.

### ATTORNEY FEES AND COURT COSTS

92.     Plaintiffs have incurred attorney fees and court costs in pursuit of this matter.

93.     Plaintiffs will incur additional attorney fees and court costs in pursuit of this matter.

20

94.     Plaintiffs are entitled to and seek reimbursement of their attorney fees and court costs pursuant to 42 U.S.C. § 1983 and § 1988.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs demand the following relief:

1.      For a temporary restraining order or a preliminary injunction allowing Plaintiffs to engage in the expressive and political activity as described above in the public right-of-way and roadway of State Street in Salt Lake City, Utah on Saturday, May 7, 2011, without first securing a liability insurance policy and without having to comply with UDOT's and Defendants' waiver and certification requirements.

2.      For a permanent injunction allowing Plaintiffs to engage in the expressive and political activities such as those described above on the State Street right-of-way, without first securing a liability insurance policy and without having to comply with UDOT's and Defendants' waiver and certification requirements.

3.      For a declaratory judgment that Defendants' conduct as described above, in requiring the securing of a liability insurance policy and demanding compliance with the waiver and certification requirements, for a free speech activity organized by an indigent association, violates the constitutional rights of the Plaintiffs as protected by the Utah and United States Constitutions.

4.      Plaintiffs should be awarded damages (at least nominal) for the harm they have

suffered to date.  The amount of damages should be determined at trial.  Plaintiffs claim no

damages as against the State of Utah but only against the individual defendants.

5.      For an award of attorney fees and court costs under 42 U.S.C. § 1983 and § 1988.

6.      For such other and further relief as the court deems just and proper in the

premises.

DATED this 2nd day of MAY 2011.

ATTORNEYS FOR PLAINTIFFS

*/s/ Brian M. Barnard*

_____

BRIAN M. BARNARD                USB # 00215
STEWART GOLLAN                  USB # 12524
UTAH LEGAL CLINIC
Cooperating Attorneys for
UTAH CIVIL RIGHTS AND LIBERTIES
        FOUNDATION, INC.
214 East Fifth South Street
Salt Lake City, Utah 84111-3204
Telephone:  (801) 328-9531

DARCY M. GODDARD                USB #13426
AMERICAN CIVIL LIBERTIES UNION OF
        UTAH FOUNDATION, INC.
355 North 300 West Street
Salt Lake City, Utah 84103-1215
Telephone:  (801) 521-9862

**JURY REQUEST**

Plaintiffs request a jury trial on all matters that may be tried to a jury.


DATED this 2nd day of MAY 2011.

ATTORNEYS FOR PLAINTIFFS

*/s/ Brian M. Barnard*

_____

BRIAN M. BARNARD                USB # 00215
STEWART GOLLAN                  USB # 12524
UTAH LEGAL CLINIC
Cooperating Attorneys for
UTAH CIVIL RIGHTS AND LIBERTIES
        FOUNDATION, INC.
214 East Fifth South Street
Salt Lake City, UT 84111-3204
Telephone:  (801) 328-9531


DARCY M. GODDARD              USB #13426
AMERICAN CIVIL LIBERTIES UNION OF
        UTAH FOUNDATION, INC.
355 North 300 West Street
Salt Lake City, UT 84103-1215
Telephone:  (801) 521-9862